ORIGINAL

FAXED

1  Eric D. Houser, Esq. (SBN 130079)
   Sara Firoozeh, Esq. (SBN 259741)
2  HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive
   Irvine, California 92618
4  Telephone:    (949) 679-1111
   Facsimile:    (949) 679-1112
5  E-Mail: sfiroozeh@houser-law.com

6  Attorneys for Defendants, FEDERAL HOME LOAN MORTGAGE CORPORATION and
   OCWEN LOAN SERVICING, LLC

**Filed**

SEP 1 7 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

ADR

7

8  ### UNITED STATES DISTRICT COURT FOR THE
   ### NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

9

10 LAURA A. EDWARDS,

11        Plaintiff,

12 vs.

13 FEDERAL HOME LOAN MORTGAGE
   CORPORATION, a Government Sponsored
14 Enterprise; OCWEN LOAN SERVICING, LLC,
   a Delaware Limited Liability Company; CAL-
15 WESTERN RECONVEYANCE
   CORPORATION, a California Corporation;
16 ALL PERSONS UNKNOWN CLAIMING ANY
   LEGAL OR EQUITABLE RIGHT, TITLE,
17 ESTATE, LIEN OR INTEREST IN THE
   PROPERTY DESCRIBED IN THE
18 COMPLAINT ADVERSE TO PLAINTIFF'S
   TITLE, OR ANY CLOUD ON PLAINTIFF'S
19 TITLE THERETO, AND DOES 1-100,
   inclusive,
20

21        Defendants.

E-filing

Case No.:
Honorable

CV 12 - 0 4 8 6 8  **HRL**

**NOTICE OF REMOVAL OF ACTION
TO FEDERAL COURT**

[12 U.S.C. § 1452(f)]

22

23

24

25

26 ///

27 ///

28

### NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

2

3  Pursuant to 12 U.S.C. § 1452(f), Defendant Federal Home Loan Mortgage Corporation

("Freddie Mac") hereby gives notice of the removal of this action from the Superior Court of

4  California, County of Santa Clara, where it was pending, to the United States District Court for

5  the United States District Court for the Northern District of California, San Jose Division.  As

6  grounds for this removal, Freddie Mac shows unto the Court the following:

7  1.    The Plaintiff, LAURA A. EDWARDS ("Plaintiff"), commenced this action against

8  Freddie Mac and others in the Superior Court of California, County of Santa Clara, on or about

9  the 6th day of August, 2012.  Plaintiff's Complaint alleges various causes of action against

10 Freddie Mac and others in connection with the purchase of certain real property located at 2201

11 The Alameda, #18, Santa Clara, California 95050-6058, County of Santa Clara, California

12 ("State Court Action").

13 2.    Freddie Mac is a United States corporation chartered by an Act of Congress

14 organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. §

15 1451, *et seq.*, with its principal place of business located in McLean, Virginia.

16 3.    12 U.S.C. § 1452(f) provides that Freddie Mac "shall be deemed to be an agency

17 included in sections 1345 and 1442 of such Title 28."  Section 1452(f) of Title 12 further

18 provides, in pertinent part, that any civil action in a state court to which Freddie Mac is a party

19 may, at any time before trial, be removed to the United States District Court embracing the place

20 where the action is pending.

21 4.    28 U.S.C. § 1442(a) does not require Freddie Mac to notify or obtain the consent of

22 any other defendant in this action in order to remove the entire case to federal court.  See 28

23 U.S.C. 1442(a); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (stating

24 that "[w]hereas all defendants must consent to removal under section 1441..., a federal officer or

25 agency defendant can unilaterally remove a case under section 1442...") (citations omitted); *Ely*

26 *Valley Mines, Inc. v. Hartford Accident & Indemnity Co.*, 644 F. 2d 1310, 1315 (9th Cir. 1981)

27

28

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

2

(stating that "§ 1442 represents an exception to the general rule (under §§ 1441 and 1446) that all defendants must join in the removal petition").

5.     Freddie Mac is a party to the State Court Action as referenced above, and no trial of the action has yet taken place. The United States District Court for the Northern District of California, San Jose Division, is the federal judicial district and division embracing the Superior Court of California, Santa Clara County, where this action was originally filed. See 28 U.S.C. § 81(a)(3). Freddie Mac is therefore entitled to remove that action to this Court. Attached hereto as **Exhibit A**, and incorporated by reference herein, are copies of all records and proceedings from the State Court Action in the Superior Court of California, Santa Clara County, Case No. 112CV229912.

6.     Concurrently with the filing of this Notice of Removal, by means of the Notice of Filing of Notice Removal filed in the State Court Action and attached hereto as **Exhibit B**, Freddie Mac is giving written notice to all known parties, and to the Clerk of the Superior Court of California, Santa Clara County, of (i) this removal; (ii) the fact that this case is to be docketed in this Court; and (iii) that this Court shall hereafter be entitled to grant all relief to Freddie Mac as is proper under the circumstances, all in accordance with 12 U.S.C. § 1452 and such local rules as may be applicable.

Dated: September 17, 2012                **HOUSER & ALLISON**
                                         A Professional Corporation


                                         _____
                                         Sara Firoozeh
                                         Attorneys for Defendant,
                                         FEDERAL   HOME   LOAN   MORTGAGE
                                         CORPORATION   and   OCWEN   LOAN
                                         SERVICING, LLC

EXHIBIT "A"

COPY

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

2012 AUG -6  P 3: 06

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
By_____

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Federal Home Loan Mortgage Corporation, a Government Sponsored Enterprise; (continued on attachment)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*

Laura A. Edwards

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Santa Clara County Superior Court | CASE NUMBER: *(Número del Caso):* 112CV229912 |

191 North First Street
San Jose, CA  95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeremy I. Alberts; 125 W. Amerige Ave., Fullerton, CA 92832; (714)441-1144

| DATE: *(Fecha)* AUG 0 6 2012 | DAVID H. YAMASAKI | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*
   OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Edwards v. Federal Home Loan Mortgage Corporation | |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

OCWEN Loan Servicing, LLC, a Delaware Limited Liability Company; Cal-Western Reconveyance Corporation, a California Corporation; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; AND DOES 1-100, inclusive

Page __1__ of ____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

**COPY**

**ENDORSED**

2012 AUG -6 P 3: 06

Dai:H: Yamasb, Cer: of the Superior Court
Cou:ly of Santa Clara, California
By_____

1  Jeremy J. Alberts (SBN 273290)
   Law Office of Jeremy J. Alberts
2  125 W. Amerige Ave.
   Fullerton, CA 92832
3  714-441-1144 – Tel
   714-441-1546 – Fax
4
   Attorney for Plaintiff, Laura A. Edwards
5
6
7
8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
9       FOR THE COUNTY OF SANTA CLARA, CENTRAL JUSTICE CENTER
10                                    1 1 2 C V 2 2 9 9 1 2
11  Laura A. Edwards,
                                         Case No.:
12         Plaintiff,
13         vs.                           VERIFIED COMPLAINT FOR
14  FEDERAL HOME LOAN MORTGAGE           (1) PROMISSORY ESTOPPEL;
    CORPORATION, a Government Sponsored  (2) FRAUDULENT
15  Enterprise; OCWEN Loan Servicing, LLC, a    MISREPRESENTATION;
    Delaware Limited Liability Company; CAL-
16  WESTERN RECONVEYANCE               (3) UNJUST ENRICHMENT;
    CORPORATION, a California Corporation;  (4) CIVIL CONSPIRACY;
17  ALL PERSONS UNKNOWN CLAIMING       (5) SET ASIDE ILLEGAL TRUSTEE'S
    ANY LEGAL OR EQUITABLE RIGHT,           SALE;
18  TITLE, ESTATE, LIEN OR INTEREST IN  (6) QUIET TITLE;
    THE PROPERTY DESCRIBED IN THE      (7) UNFAIR BUSINESS PRACTICES
19  COMPLAINT ADVERSE TO PLAINTIFF'S       UNDER B&P CODE § 17200 ET
    TITLE, OR ANY CLOUD ON PLAINTIFF'S      SEQ.; AND
20  TITLE THERETO; AND DOES 1-100,     (8) WRONGFUL FORECLOSURE.
    inclusive,
21                                       REQUEST FOR JURY TRIAL
           Defendants.
22
23
24         Plaintiff, Laura A. Edwards; (hereinafter "Plaintiff") files this Complaint against
25  Defendants Federal Home Loan Mortgage Corporation, a Government Sponsored Enterprise;
26  OCWEN Loan Servicing, LLC, a Delaware Limited Liability Company; Cal-Western
27  Reconveyance Corporation, a California Corporation; ALL PERSONS UNKNOWN
28

BY FAX

ORIGINAL

- 1 -

VERIFIED COMPLAINT

1  CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST
2  IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S
3  TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; AND DOES 1-100, inclusive,
4  as follows:

**PARTIES AND VENUE**

6      1.    At all times herein mentioned Plaintiff, Laura A. Edwards (hereinafter
7  "Plaintiff"), is a resident of Santa Clara County, California.

8      2.    At all times herein mentioned Defendant, Federal Home Loan Mortgage
9  Corporation (hereinafter "FREDDIE MAC") is a Government Sponsored Enterprise conducting
10  business in Santa Clara County, California.

11      3.    At all times herein mentioned Defendant, OCWEN Loan Servicing, LLC
12  (hereinafter "OCWEN") is a Delaware Limited Liability Company conducting business in Santa
13  Clara County, California.

14      4.    At all times herein mentioned Defendant, Cal-Western Reconveyance
15  Corporation (hereinafter "CAL-WESTERN") is a California Corporation conducting business in
16  Santa Clara County, California.

17      5.    The defendants herein named as "all persons unknown, claiming any legal or
18  equitable right, title, estate, lien, or interest in the property described in the complaint adverse to
19  plaintiff's title or any cloud on plaintiff's title thereto" are hereinafter sometimes referred to as
20  the "unknown defendants" and are unknown to Plaintiff. These unknown defendants and each of
21  them claim or appear to claim some right, title, estate, lien, or interest in the property described
22  in Exhibit "A" attached hereto, adverse to Plaintiff's title. Their claims, and each of them,
23  constitute a cloud on Plaintiff's title to the property.

24      6.    Jurisdiction of the subject matter in this Court is proper because the cause of
25  action herein arose in Santa Clara County, California by virtue of a mortgage loan and related
26  inter-temporal transactions associated therewith which concern the Plaintiff' primary residential
27  real estate which is located at 2201 The Alameda #18, Santa Clara, CA, 95050 which is located
28  within Santa Clara County which is within this Judicial District.

- 2 -

VERIFIED COMPLAINT

1    7.    Venue of this action is proper within this Court as at least one named Defendant is

2    subject to suit within this Court, and thus all Defendants are properly sued in this Court.

3    8.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

4    DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names and

5    all persons unknown claiming any legal or equitable right, title, estate, lien, or interest in the

6    property described in this complaint adverse to Plaintiff's title, or any cloud on Plaintiff's title

7    thereto. Plaintiff will amend this complaint to allege their true names and capacities when

8    ascertained.

9    9.    Defendants sued herein as DOES 1 through 100 are contractually, strictly,

10    negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner

11    for each and every act, omission, obligation, event or happening set forth in this Complaint, and

12    that each of said fictitiously named Defendants is indebted to Plaintiff as hereinafter alleged.

13    10.    The use of the term "Defendants" in any of the allegations in this Complaint,

14    unless specifically otherwise set forth, is intended to include and charge both jointly and

15    severely, not only named Defendants, but all Defendants designated as well.

16    11.    Plaintiff is informed and believe and thereon alleges that, at all times mentioned

17    herein, Defendants were agents, servants, employees, alter egos, superiors, successors in interest,

18    joint venturers and/ or co-conspirators of each of their co-defendants and in doing the things

19    herein after mentioned, or acting within the course and scope of their authority of such agents,

20    servants, employees, alter egos, superiors, successors in interest, joint venturers and/ or co-

21    conspirators with the permission and consent of their co-defendants and, consequently, each

22    Defendant named herein, and those Defendants named herein as DOES 1 through 100, inclusive,

23    are jointly and severally liable to Plaintiff for the damages and harm sustained as a result of their

24    wrongful conduct.

25    12.    Defendants, and each of them, aided and abetted, encouraged, and rendered

26    substantial assistance to the other Defendants in breaching their obligations to Plaintiff, as

27    alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the

28    commissions of these wrongful acts and other wrongdoings complained of, each of the

- 3 -

VERIFIED COMPLAINT

1   Defendants acted with an awareness of its primary wrongdoing and realized that its conduct
2   would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and
3   wrongdoing.

4       13.   Defendants, and each of them, knowingly and willfully conspired, engaged in a
5   common enterprise, and engaged in a common course of conduct to accomplish the wrongs
6   complained of herein.  The purpose and effect of the conspiracy, common enterprise, and
7   common course of conduct complained of was, inter alia, to financially benefit Defendants at the
8   expense of Plaintiff by engaging in fraudulent activities.  Defendants accomplished their
9   conspiracy, common enterprise, and common course of conduct by misrepresenting and
10  concealing material information regarding the servicing of loans, and by taking steps and making
11  statements in furtherance of their wrongdoing as specified herein.  Each Defendant was a direct,
12  necessary and substantial participant in the conspiracy, common enterprise and common course
13  of conduct complained of herein, and was aware of its overall contribution to and furtherance
14  thereof.  Defendants' wrongful acts include, inter alia, all of the acts that each of them are
15  alleged to have committed in furtherance of the wrongful conduct of complained of herein.

16      14.   Any applicable statutes of limitations have been tolled by the Defendants'
17  continuing, knowing, and active concealment of the facts alleged herein.  Despite exercising
18  reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented
19  from discovering, the wrongdoing complained of herein.

20      15.   In the alternative, Defendants should be estopped from relying on any statutes of
21  limitations.  Defendants have been under a continuing duty to disclose the true character, nature,
22  and quality of their financial services and debt collection practices.  Defendants owed Plaintiff an
23  affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such
24  duty.

                              **FACTS**

26      16.   Plaintiff entered into a consumer loan transaction with Centex Home Equity Corp.
27  to refinance a single family property that is commonly known as 2201 The Alameda #18, Santa
28  Clara, CA, 95050, and described as APN 230-49-003, Lot 1 of Tract No. 6751, in the City of

                              VERIFIED COMPLAINT

1 | Santa Clara, County of Santa Clara, State of California, as per map recorded in Book 467 Page(s)
2 | 1:20; 2.21 of Maps, in the office of the Santa Clara County Recorder (the "Subject Property").
3 | Legal Description of this Property attached hereto as Exhibit "A". Plaintiff executed a
4 | Promissory Note ("Note") as part of the Loan transaction. Additionally, based upon information
5 | and belief, in connection with the Loan transaction, Freddie Mac took a security interest in the
6 | Subject Property in the form of a Deed of Trust recorded with the Santa Clara County Recorder's
7 | Office on or about May 1, 2008 ("DOT").

8 |      17.    In February 2009, President Obama's Administration introduced a comprehensive
9 | Financial Stability Plan to address the key problems at the heart of the current crisis to get the
10 | nation's economy back on track. A critical piece of that effort is Making Home Affordable, a
11 | plan aimed at stabilizing the housing market and helping struggling homeowners get relief and
12 | avoid foreclosure. The Making Home Affordable Program ("HAMP") offers strong options for
13 | homeowners, including among others, modifying first and second mortgage loans through
14 | HAMP to provide eligible homeowners with the opportunity to make their mortgage more
15 | affordable.

16 |      18.    A mortgage borrower can become eligible for a loan modification under the
17 | HAMP if the borrower:

18 |           1)    Is the owner-occupant of a one-to-four unit home;
19 |           2)    Has an unpaid principal balance that is equal to or less than:
20 |                 i.    1 Unit: $729,750
21 |                 ii.    2 Units: $934,200
22 |                 iii.    3 Units: $1,129,250
23 |                 iv.    4 Units: $1,403,400
24 |           3)    Has a first lien mortgage that was originated on or before January 1, 2009;
25 |           4)    Has a monthly mortgage payment (including taxes, insurance, and
26 | homeowners association dues) greater than 31% of his or her monthly gross (pre-tax)
27 | income; and
28 |

- 5 -

VERIFIED COMPLAINT

5)    Has a mortgage payment that is not affordable due to a financial hardship that can be documented.

19.    Plaintiff became unable to pay her mortgage for approximately 6 months due to the documented fact that several of her family members had been gravely ill (one had passed away). Plaintiff spent a lot of time and money trying to take care of them and their families.

20.    At the beginning of May, 2012, Plaintiff contacted OCWEN to see if she could resolve the past due amount on her mortgage. Plaintiff was told that she owed approximately $19,000.00. She had closed out her 401K retirement account and had, at the time, around $11,000.00 and was willing to work out some kind of payment plan to resolve the balance owed. A female representative of OCWEN told her that she needed to pay the full amount or be considered for a loan modification.

21.    On May 7, 2012, Plaintiff was contacted by Hernando Sanabria, Regional Manager at OCWEN. Mr. Sanabria stated to Plaintiff that she can be considered for a loan modification and that during that time – her house will not be foreclosed. Mr. Sanabria had requested Plaintiff to fill out forms, send income tax forms, copies of pay stubs and other information. The only contact information to reach Mr. Sanabria was an e-mail address.

22.    Plaintiff properly collected all the requested information and documents and faxed them on May 25, 2012. Plaintiff emailed Mr. Sanabria after having faxed the documents. Plaintiff requested Mr. Sanabria to contact her or schedule a call.

23.    Only after several emails and a month later, on June 25, 2012, Mr. Sanabria responded to Plaintiff and requested that she refaxed the documents. Plaintiff immediately refaxed all the documents again to Mr. Sanabria.

24.    Plaintiff continued to send emails to Mr. Sanabria asking about the status of modification and the status of foreclosure.

25.    In response, Plaintiff received several letters from OCWEN stating that they were processing Plaintiff's request for a loan modification. The letters from OCWEN stated "… you will not lose your home during the HAMP evaluation…"

- 6 -

VERIFIED COMPLAINT

26.    During the time that OCWEN was processing Plaintiff's request for a loan modification, Plaintiff incurred substantial fees and penalties for becoming delinquent on their mortgage payments. OCWEN told Plaintiff not to worry because that would all be worked out in the loan modification agreement..

27.    Suddenly Plaintiff received a letter dated June 29, 2012 from Pite Duncan LLP stating that the property had been sold and that FREDDIE MAC now owned Plaintiff's house. The letter stated that FREDDIE MAC "now owns the property described above as the result of a foreclosure."

28.    After Defendants continuously promised to Plaintiff that they would get a loan modification and after further promising that the sale would be postponed, Defendants caused a non-judicial foreclosure of Plaintiff's home located at 2201 The Alameda #18, Santa Clara, CA, 95050, which took place on June 26, 2012.

29.    Yet there was an Assignment of Deed of Trust recorded (as a Document NO. 21717712) in the Santa Clara County's Recorder Office on June 21, 2012, five days before the trustee's sale on June 26, 2012, which assigned all the rights under the Deed of Trust to FREDDIE MAC already. And OCWEN still sent to Plaintiff several letters dated before the trustee's sale and after the trustee's sale stating again that they were "processing" Plaintiff's modification request "as quickly as possible" and that "you will not lose your home during the HAMP evaluation." Please see attached OCWEN'S letters from July 03, 2012 and July 05, 2012 in the **Exhibit B.**

30.    While Plaintiff waited for a response on their loan modification application, Cal-Western recorded a Notice of Default and Notice of Trustee's Sale.

31.    Notably, the Notice of Default and Notice of Trustee's Sale were not recorded by the agreed upon Trustee in the mortgage agreement. Instead, Defendants OCWEN and/or FREDDIE MAC used a trustee company, CAL-WESTERN, that Plaintiff believes they had a close relationship with. Defendants never filed a Substitution of Trustee with the County



VERIFIED COMPLAINT

1   Recorder's Office to notify Plaintiff that Defendants were changing the previously agreed upon

2   Trustee.

3       32.   Plaintiff is informed and believes and based thereon alleges that Defendants were

4   able to generate substantial profits through the foreclosure of Plaintiff's home. Plaintiff is also

5   informed and believes and based thereon alleges Defendants were able to apply for and did

6   receive compensation and incentives from the Federal Government after the foreclosure sale.

7       33.   Plaintiff alleges that the Defendants and each of them, in so acting in this case and

8   with respect to many other mortgage or trust deed security instruments engage in a pattern and

9   practice of utilizing the non-judicial foreclosure procedures of this State to foreclose on

10  properties when they do not, in fact, have the right to do so, knowing that the property owners

11  affected do not have the knowledge and means to contest the right of said Defendants to do so.

12      34.   Plaintiff, through this pleading, demands further a detailed accounting of how the

13  amount stated in the Notices of Default and Notice of Trustee Sale necessary to be paid to

14  redeem the property from foreclosure has been calculated so that Plaintiff can adequately

15  evaluate Plaintiff's rights under the law with Plaintiff's presale rights of reinstatement and

16  redemption.

17      35.   The subject property is unique. Therefore, should Defendants, and each of them,

18  not be enjoined, Plaintiff will suffer irreparable injury for which there is no adequate remedy in

19  law.

20      36.   Defendants and each of them, in committing the acts alleged in this and other

21  cases are engaging in a pattern of unlawful activity.

22      37.   As a result thereof, Plaintiff has been damaged in having to hire attorneys before

23  bringing this action, and has had to and will have to incur attorney fees to stop the wrongful acts

24  of the Defendants and each of them. Plaintiff has been damaged in other ways that are not

25  readily apparent at this time, but reserves the right to amend this complaint to allege further

26  damages as they are determined.

27  **FIRST CAUSE OF ACTION**

28  **(Promissory Estoppel)**

- 8 -

VERIFIED COMPLAINT

(Against Defendants FREDDIE MAC, OCWEN and DOES 1 through 100)

38. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

39. Defendants made a promise, through oral and written representations, that they were working towards giving Plaintiff a loan modification and would not conduct foreclosure on the Subject Property if Plaintiff completed an application and submitted the requested documents.

40. Defendants should have reasonably expected that Plaintiff would rely on such promise.

41. Plaintiff did in fact justifiably rely on that promise by completing the application and gathering the requesting documents rather than pursuing alternate measures to avoid the foreclosure sale including, but not limited to, the filing of a Chapter 13 bankruptcy. Additionally, Plaintiff could have explored the possibility of refinancing or marketing and selling the Subject Property, either of which would have been an option. Accordingly, Defendants are estopped from taking any action that was contrary to the written and oral promises made by them to Plaintiff.

42. As a result of Defendants false promises and misrepresentations, Plaintiff suffered special and general damages in an amount according to proof at trial, but in excess of the jurisdictional limits of this court.

## SECOND CAUSE OF ACTION

### (Fraudulent Misrepresentation and Concealment)

### (Against Defendants FREDDIE MAC, OCWEN, Cal-Western, and DOES 1-100)

43. Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

44. As set forth above, Defendants knowingly and intentionally concealed material information from Plaintiff which is required by Federal Statutes and Regulations to be disclosed.

- 9 -

VERIFIED COMPLAINT

45. Defendants misrepresented material information to the Plaintiff with full knowledge by Defendants that their affirmative representations were false, fraudulent, and misrepresented at the time said representations were made.

46. Specifically, On May 7, 2012, Plaintiff was contacted by Hernando Sanabria, Regional Manager at OCWEN. Mr. Sanabria stated to Plaintiff that she can be considered for a loan modification and that during that time – her house will not be foreclosed. Mr. Sanabria had requested Plaintiff to fill out forms, send income tax forms, copies of pay stubs and other information. The only contact information to reach Mr. Sanabria was an e-mail address.

47. Plaintiff properly collected all the requested information and documents and faxed them on May 25, 2012. Plaintiff emailed Mr. Sanabria after having faxed the documents. Plaintiff requested Mr. Sanabria to contact her or schedule a call.

48. Only after several emails and a month later, on June 25, 2012, Mr. Sanabria responded to Plaintiff and requested that she refaxed the documents. Plaintiff immediately refaxed all the documents again to Mr. Sanabria.

49. In response, Plaintiff received several letters from OCWEN stating that they were processing Plaintiff's request for a loan modification. The letters from OCWEN stated "... you will not lose your home during the HAMP evaluation..."

50. After Defendants continuously promised to Plaintiff that she would get a loan modification and after further promising that the sale would be postponed, Defendants caused a non-judicial foreclosure of Plaintiff's home located at 2201 The Alameda #18, Santa Clara, CA, 95050, which took place on June 26, 2012.

51. OCWEN still sent to Plaintiff several letters dated before the trustee's sale and after the trustee's sale stating again that they were "processing" Plaintiff's modification request "as quickly as possible" and that "you will not lose your home during the HAMP evaluation."

52. Under the circumstances, the material omissions and material misrepresentations of the Defendants were malicious.

53. Plaintiff, not being an investment banker, a securities dealer, a mortgage lender, or a mortgage broker, reasonably relied upon the representations of the Defendants in agreeing to



- 10 -

1  execute the mortgage loan documents, miss mortgage payments, resist seeking competent

2  counsel, and apply for or agree to a loan modification

3      54.    Had Plaintiff known of the falsity of Defendants representations, Plaintiff would

4  not have entered into the transactions that are the subject of this action, missed her mortgage

5  payments, resisted seeking counsel, or entered into any agreements regarding possible loan

6  modifications.

7      55.    Plaintiff is informed and believes and based thereon alleges that Defendants

8  intentionally took the above actions so that they could charge substantial fees, all to their profit,

9  and so that they could take title to Plaintiff's property.

10     56.    As a direct result of Defendants false representations and concealments, Plaintiff

11 missed her mortgage payments, failed to seek the assistance of competent counsel, and lost her

12 home.

13     57.    As a direct and proximate cause of the Defendants' material omissions and

14 material misrepresentations, Plaintiff has suffered damages in an amount to be proven at trial but

15 in excess of the jurisdictional limits of this court.

16                     **THIRD CAUSE OF ACTION**

17                         **(Unjust Enrichment)**

18      **(Against Defendants FREDDIE MAC, OCWEN and DOES 1-100)**

19     58.    Plaintiff reaffirms and realleges paragraphs above herein as if specifically set

20 forth more fully herein below.

21     59.    As a result of the conduct described above, Defendants have been and will be

22 unjustly enriched at the expense of Plaintiff.  Specifically, Defendants unfair and malicious

23 actions as described above have enabled Defendants to generate substantial fees and penalties

24 and receive substantial monetary benefits from the foreclosure of Plaintiff's home, hence

25 unjustly enriching Defendants at an amount to be proven at trial but in excess of the

26 jurisdictional limits of this Court.

27

28



- 11 -

VERIFIED COMPLAINT

60.  Defendants have been unjustly enriched at the expense of the Plaintiff, and maintenance of the enrichment would be contrary to the rules and principle of equity. Defendants should be required to disgorge this unjust enrichment.

61.  Plaintiff thus demands restitution from the Defendants in the form of actual damages, exemplary damages, and attorney's fees.

## FOURTH CAUSE OF ACTION

### (Civil Conspiracy)

### (Against All Defendants)

62.  Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

63.  In all the aforementioned conduct, Defendants agreed, between and among themselves, to engage in actions and a course of conduct designed to further an illegal act or accomplish a legal act by unlawful means, and to commit one or more overt acts in furtherance of the conspiracy to defraud Plaintiff.

64.  Defendants agreed between and among themselves to engage in the conspiracy to defraud for the common purposes of accruing economic gains for themselves at the expense of and detriment to Plaintiff.

65.  The actions of the Defendants were committed intentionally, willfully, wantonly, and with reckless disregard for the rights of the Plaintiff.

66.  As a direct and proximate result of the actions of the Defendants in combination resulting in fraud and breaches for the fiduciary duties, Plaintiff has suffered damages.

## FIFTH CAUSE OF ACTION

### (Set Aside Illegal Trustee's Sale)

### (Against All Defendants)

67.  Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

68.  Defendants obtained the title to the Plaintiff's property using fraudulent ways and as a result of the fraudulent Trustee's sale as more specifically described above.

- 12 -

69.    Moreover, Defendant Cal-Western was not the agreed upon Trustee and never filed a Substitution of Trustee with the County Recorder's office notifying Plaintiff of the change. As such, Cal-Western never had authority to record a Notice of Default or Notice of Trustee's Sale, never had authority to conduct a Trustee's Sale, and never had authority to issue and to record a Trustee's Deed upon Sale.

70.    As a direct and proximate result of the actions of the Defendants, Plaintiff has and continues to suffer damages.

### SIXTH CAUSE OF ACTION

#### (Quiet Title)

#### (Against All Defendants)

71.    Plaintiff reaffirms and realleges paragraphs above herein as if specifically set forth more fully herein below.

72.    The property that is the subject of this action is located at 2201 The Alameda #18, Santa Clara, CA, 95050.

73.    The legal description of the property is attached as Exhibit 'A'.

74.    Plaintiff is the legal owner of the Subject Property.

75.    Plaintiff seeks to quiet title against the claims of Defendants and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1 through 100, as the Defendants hold themselves out as entitled to fee simple ownership of the Subject Property by and through their purchase of the property at the Trustee's Sale held by Cal-Western.

76.    In fact, Defendants had no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer. Nevertheless, Defendants proceeded with a non-judicial foreclosure sale, through Cal-Western as alleged trustee, illegally, and with unclean hands. Plaintiff is willing to tender the amount

- 13 -

VERIFIED COMPLAINT

1  received subject to equitable adjustment for the damage caused to Plaintiff by Defendants'

2  activities.

3        77.    As Defendants obtained the Subject Property through fraud, misrepresentation,

4  and wrongful conduct, the foreclosure sale was void and invalid. Additionally, the Trustee's

5  Sale is void because the requirements of Civil Code Section 2923.5 were not complied with by

6  any of the Defendants. Therefore, the Subject Property is still Plaintiff's property.

7        78.    Plaintiff seeks to quiet title as of June 26, 2012. Plaintiff seeks a judicial

8  declaration that the title to the Subject Property is vested in Plaintiff alone and that Defendants

9  and each of them be declared to have no interest estate, right, title or interest in the Subject

10  Property and that Defendants, their agents and assigns, be forever enjoined from asserting any

11  estate, right title or interest in the Subject Property.

12        79.    Accordingly, the Court should rule that the Subject Property remains Plaintiff's

13  property and award consequential damages in an amount according to proof at trial, but in excess

14  of the jurisdictional limits of this court.

15                              **SEVENTH CAUSE OF ACTION**

16  **(Unfair Practices under California Business & Professions Code Section 17200, et seq.)**

17                                **(Against All Defendants)**

18        80.    Plaintiff reaffirms and realleges paragraphs above herein as if specifically set

19  forth more fully herein below.

20        81.    California Business and Professions Code § 17200, et seq., prohibits acts of unfair

21  competition, which shall mean and include any "unlawful, unfair, or fraudulent business act or

22  practice."

23        82.    By committing the acts described herein Defendants, and each of them, have

24  engaged in unfair business practices, causing injury and damages to plaintiff, and therefore

25  violated California Business and Professions code § 17200.

26        83.    Furthermore, OCWEN engaged in unfair and fraudulent business practices by

27  making false promises not to foreclose on Plaintiff's property during loan modification

28

                                        - 14 -

                                 VERIFIED COMPLAINT

1  evaluation. OCWEN has fraudulently deceived Plaintiff, and is likely to deceive members of the

2  public in the same way.

3       84.    In addition, OCWEN's conduct alleged herein constitutes, *inter alia*, unjust

4  enrichment, thus providing liability under the "unlawful" prong of Business and Professions

5  Code § 17200 et seq.

6       85.    Plaintiff has been injured by Defendants' business practices because Plaintiff has

7  lost a substantial amount of money in fees, interest, and penalties that OCWEN has collected and

8  retained from him. Accordingly, Plaintiff seeks restitution to recover all money paid to

9  Defendants for fees, interest, and penalties that were unlawfully, unfairly, or fraudulently

10  collected and retained, as alleged herein.

11       86.    Because Defendants' unlawful, unfair, and fraudulent business practices as

12  described herein are continuing, capable of repetition, and will continue unless restrained and

13  enjoined by the Court, Plaintiff also seeks injunctive relief requiring Defendants to cease from

14  their unlawful, unfair, or fraudulent business practices, as alleged above.

15                              **EIGHTH CAUSE OF ACTION**

16                                **(Wrongful Foreclosure)**

17                                **(Against All Defendants)**

18       87.    Plaintiff reaffirm and reallege paragraphs above herein as if specifically set forth

19  more fully herein below.

20       88.    Plaintiff is informed and believes and thereon alleges that after the origination and

21  funding of their loan, it was sold to investors as a "mortgage backed security" and that none of

22  the Defendants in this action owned this loan, or the corresponding note. Moreover, none of the

23  Defendants in this action were lawfully appointed as trustee or had the original note assigned to

24  them. Accordingly, none of the Defendants in this action had the right to declare default, cause

25  notices of default to be issued or recorded, or foreclose on Plaintiff' interest in the Subject

26  Property. The Defendants were not the note holder or a beneficiary at any time with regard to

27  Plaintiff' loan.

28

- 15 -

VERIFIED COMPLAINT

)                                                    )

89.    Plaintiff further alleges on information and belief that none of the Defendants in this action are beneficiaries or representatives of the beneficiary and, if the Defendants allege otherwise, they do not have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

90.    Plaintiff further alleges on information and belief that the loan was sold or transferred without notifying the Plaintiff in writing. Therefore, the loan is void of legal rights to enforce it.

91.    Additionally, Defendants violated California Civil Code §2923.5(a), which requires a "mortgagee, beneficiary or authorized agent" to "contact the borrower or person by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. "Section 2923.5(b) requires a default notice to include a declaration "from the mortgagee, beneficiary, or authorized agent" of compliance with section 2923.5, including attempt "with due diligence to contact the borrower as required by this section."

92.    None of the Defendants acted in good faith by contacting Plaintiff and offering options to avoid foreclosure. Instead, defendants engaged in the conduct of now-known "dual tracking" in order to trick Plaintiff and make him to believe that there would be no foreclosure conducted while Plaintiff's loan modification was still being processed. Accordingly, the Defendants did not fulfill their legal obligation to Plaintiff.

93.    Thus, Defendants engaged in a fraudulent foreclosure of the Subject Property in that the Defendants did not have the legal authority to foreclose on the Subject Property and, alternatively, if they had the legal authority, they failed to comply with Civil Code Section 2923.5 and 2923.6.

94.    As a result of the above alleged wrongs, Plaintiff has suffered general and special damages in an amount to be determined at trial.

**RELIEF SOUGHT**

95.    WHEREFORE, having set forth numerous legally sufficient causes of actions against the Defendants, Plaintiff prays that:

- 16 -

VERIFIED COMPLAINT

a. Defendants be required to deed back to the Plaintiff the subject real property;

b. Defendants be permanently enjoined from any and all further attempts to foreclose on the subject property unless and until they can present proof that they are entitled, under the law of negotiable instruments in force in California, to enforce the underlying promissory note described in the security instrument; if any ever existed, identified in the Deed of Trust;

c. That Plaintiff be award monetary damages against the Defendants, and each of them, jointly and severally, that Plaintiff incurred due to the need to bring this action for injunctive relief according to proof;

d. That Plaintiff be awarded treble damages as permitted by law;

e. That prejudgment interest be awarded Plaintiff as permitted by law;

f. Entry of a Final Judgment against all Defendants jointly and severally in an amount not yet quantified but to be proven at trial and such other amounts to proven at trial;

g. That the foreclosure which was instituted be deemed and declared illegal and void and the further proceedings in connection with the foreclosure be enjoined;

h. To set aside the illegal trustee sale of June 26, 2012;

i. To cancel the Trustee's Deed Upon Sale;

j. To quiet title;

k. For compensatory and general damages according to proof;

l. For interest at the prevailing legal rate of interest accrued on any damages awarded to the extent permissible under the law;

m. For exemplary and punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

n. For the right to account;

o. That attorneys' fees be awarded as permitted by law;

p. For costs of suit incurred;

q. For corrective actions to restore plaintiff's credit rating at <u>all</u> agencies & her

- 17 -

VERIFIED COMPLAINT

1   FICO score to prior to the Freddie Mac loan.   These corrective actions to be

2   performed by Defendants with confirmation & proof provided to Plaintiff; and

3   r.   For such other and further equitable relief, declaratory relief and legal damages as

4   may be permitted by law and as the court may consider just and proper.

5

6                                **DEMAND FOR JURY TRIAL**

7   96. Plaintiff demands trial by jury of all matters so triable as a matter of right.

8

9   DATED: August 6, 2012                    LAW OFFICE OF JEREMY J. ALBERTS

10

11                        By:

12                                Jeremy J. Alberts
                                  Attorney for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 18 -

VERIFIED COMPLAINT

## VERIFICATION

I, Laura A. Edwards, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Fullerton, California on August 2, 2012.

Laura A. Edwards

ORIGINAL

-29-

VERIFIED COMPLAINT

# EXHIBIT "A"

PROPERTY LEGAL DESCRIPTION

STREET ADDRESS & OTHER COMMON DESIGNATION:

2201 THE ALAMEDA #18, SANTA CLARA, CA, 95050

REAL PROPERTY IN THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA
DESCRIBED AS FOLLOWS:

LOT 1, OF TRACT NO. 6751, IN THE CITY OF , COUNTY OF , STATE OF
CALIFORNIA, AS PER MAP RECORDED IN BOOK 467 PAGE(S) 1 20; 2 21 OF MAPS,
IN THE OFFICE OF THE  COUNTY RECORDER

EXHIBIT "A"



# EXHIBIT B



*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO!™
WWW.OCWEN.COM

July 03, 2012

Larry D Edwards
Laura A Edwards
2201 The Alameda #18
Santa Clara, CA 95050-6058

Loan Number:          70838800
Property Address:     2201 The Alameda #18
                      Santa Clara, CA 95050-6058

### Important Information Regarding

### Your Modification Application

Dear Ocwen Customer,

Ocwen would like to take this opportunity to thank you for submitting an application for assistance. We value your business and want to assure you that we are processing your request as quickly as possible. To better serve you during this time, we have provided answers to the most frequently asked questions from customers who have similarly applied for assistance.

#### FREQUENTLY ASKED QUESTIONS

**What happens after I submit my financial package?**

Step 1 – The first step in the approval process is to have your financial package reviewed for completeness. We must make sure that all of the required information has been submitted and the applicable forms are signed and dated appropriately. After you submit the financial package, there is no need to call us to check on it. If your package is incomplete, Ocwen will notify you through a letter indicating what documents are missing or incorrect. If your package is complete, it will automatically move to underwriting.

Step 2 – Once the package has been certified as complete, your application moves to the underwriting stage where your eligibility is determined. If you have applied for assistance on your primary residence and your loan is a first lien, Ocwen will first look to qualify you for the federal government's Home Affordable Modification Program (HAMP). If we determine that you do not qualify for the HAMP modification, we will attempt to qualify you for an Ocwen sponsored modification program automatically. If you are applying for assistance on an investment property or second lien mortgage, you may still qualify for an Ocwen sponsored modification. If you do not qualify for either an HAMP or Ocwen modification, we will send you a letter with information on alternatives.

Step 3 – If you qualify, we will send you either a Trial Period Plan offer or a modification offer depending on the program. It takes approximately 30 days for us to complete our review.

**How can I get an update on the application process?**

If you submit a complete financial package, you may not receive any notification until your eligibility is determined. It is not necessary to call us to obtain an update as your request will be processed in the order in which it is received. The most important thing you can do is to ensure your financial package is complete when submitting your request.

**Will a foreclosure occur if I participate in the Home Affordable Modification program?**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852



*Ocwen Loan Servicing, LLC*
### HELPING HOMEOWNERS IS WHAT WE DO!™
### WWW.OCWEN.COM

While we consider your request, we will not initiate a new foreclosure action and we will not move ahead with the foreclosure sale on an active foreclosure as long as we have received all required documents and you have met the eligibility requirements.

**Will it help to speak to an Ocwen Representative?**

We know your time is valuable, so we do not want you to feel the need to follow-up via phone. If you call us while the package is being processed, the representative will not have any new information. Please rest assured our representatives are working diligently to process your application.

We are committed to helping you retain your home. That's why we are currently evaluating your mortgage for eligibility in the Home Affordable Modification Program ("HAMP") which would modify the terms of your loan and make your mortgage payments more affordable. If your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for HAMP. However, no foreclosure sale will be conducted and you will not lose your home during the HAMP evaluation.

**HAMP Eligibility**

● If you are eligible for HAMP, you will enter into a "trial period". You will receive a Trial Period Plan Notice which will contain a new trial payment amount (this will temporarily replace your current mortgage payment during the HAMP trial period). To accept the Trial Period Plan, you must make your first trial payment by the specified due date. Once you accept, we will halt the foreclosure process as long as you continue to make your required trial plan payments.

● If you do not qualify for HAMP, or if you fail to comply with the terms of the Trial Period Plan, you will be sent a Non-Approval Notice. In most cases, you will have 30 days to review the reason for non-approval and contact us to discuss any concerns you may have. During this 30-day review period, we may continue with the pending foreclosure action, but no foreclosure sale will be conducted and you will not lose your home.

**Important—Do not ignore any foreclosure notices.**

The HAMP evaluation and the process of foreclosure may proceed at the same time. You may receive foreclosure/eviction notices - delivered by mail or in person - or you may see steps being taken to proceed with a foreclosure sale of your home. While you will not lose your home during the HAMP evaluation, to protect your rights under applicable foreclosure law, you may need to respond to these foreclosure notices or take other actions. If you have any questions about the foreclosure process and the evaluation of your HAMP request, contact us at (800) 746-2936. If you do not understand the legal consequences of the foreclosure, you are also encouraged to contact a lawyer or housing counselor for assistance.

**Questions**

Call (800) 746-2936 if you cannot afford to make your trial period payments, but want to remain in your home. Or if you have decided to leave your home, contact us—we have other options that may be able to help you avoid foreclosure. We are available Monday – Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET and Sunday 12:00 pm to 9:00 pm ET.

Sincerely,

Ocwen Loan Servicing, LLC

**HELPING HOMEOWNERS IS WHAT WE DO!**

### FINANCIAL COUNSELING SERVICES

When you are experiencing a financial hardship, counseling may be a way to help you manage your finances. We urge you to contact HUD approved agencies to obtain assistance in keeping your home. This assistance is available at no charge. For specific guidance on this notice or information related to the Home Affordable Modification Program, ask the counselor for MHA HELP.

HUD Approved Housing Counseling:     1-800-569-4287 www.HUD.gov

HOPE Hotline Number:     1-888-995-4673

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852



**Ocwen Loan Servicing, LLC**
HELPING HOMEOWNERS IS WHAT WE DO!™
WWW.OCWEN.COM

July 05, 2012

Larry D Edwards
Laura A Edwards
2201 The Alameda #18
Santa Clara, CA 95050-6058

Loan Number:        70838800
Property Address:    2201 The Alameda #18
                     Santa Clara, CA 95050-6058

## Important Information Regarding
## Your Modification Application

Dear Ocwen Customer,

Ocwen would like to take this opportunity to thank you for submitting an application for assistance. We value your business and want to assure you that we are processing your request as quickly as possible. To better serve you during this time, we have provided answers to the most frequently asked questions from customers who have similarly applied for assistance.

### FREQUENTLY ASKED QUESTIONS

**What happens after I submit my financial package?**

Step 1 – The first step in the approval process is to have your financial package reviewed for completeness. We must make sure that all of the required information has been submitted and the applicable forms are signed and dated appropriately. After you submit the financial package, there is no need to call us to check on it. If your package is incomplete, Ocwen will notify you through a letter indicating what documents are missing or incorrect. If your package is complete, it will automatically move to underwriting.

Step 2 – Once the package has been certified as complete, your application moves to the underwriting stage where your eligibility is determined. If you have applied for assistance on your primary residence and your loan is a first lien, Ocwen will first look to qualify you for the federal government's Home Affordable Modification Program (HAMP). If we determine that you do not qualify for the HAMP modification, we will attempt to qualify you for an Ocwen sponsored modification program automatically. If you are applying for assistance on an investment property or second lien mortgage, you may still qualify for an Ocwen sponsored modification. If you do not qualify for either an HAMP or Ocwen modification, we will send you a letter with information on alternatives.

Step 3 – If you qualify, we will send you either a Trial Period Plan offer or a modification offer depending on the program. It takes approximately 30 days for us to complete our review.

**How can I get an update on the application process?**

If you submit a complete financial package, you may not receive any notification until your eligibility is determined. It is not necessary to call us to obtain an update as your request will be processed in the order in which it is resolved. The most important thing you can do is to ensure your financial package is complete when submitting your request.

**Will a foreclosure occur if I participate in the Home Affordable Modification program?**

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

NMLS # 1852

*Ocwen Loan Servicing, LLC*
HELPING HOMEOWNERS IS WHAT WE DO!™
WWW.OCWEN.COM

While we consider your request, we will not initiate a new foreclosure action and we will not move ahead with the foreclosure sale on an active foreclosure as long as we have received all required documents and you have met the eligibility requirements.

**Will it help to speak to an Ocwen Representative?**

We know your time is valuable, so we do not want you to feel the need to follow-up via phone. If you call us while the package is being processed, the representative will not have any new information. Please rest assured our representatives are working diligently to process your application.

We are committed to helping you retain your home. That's why we are currently evaluating your mortgage for eligibility in the Home Affordable Modification Program ("HAMP") which would modify the terms of your loan and make your mortgage payments more affordable. If your loan has been previously referred to foreclosure, we will continue the foreclosure process while we evaluate your loan for HAMP. However, no foreclosure sale will be conducted and you will not lose your home during the HAMP evaluation.

**HAMP Eligibility**

• If you are eligible for HAMP, you will enter into a "trial period". You will receive a Trial Period Plan Notice which will contain a new trial payment amount (this will temporarily replace your current mortgage payment during the HAMP trial period). To accept the Trial Period Plan, you must make your first trial payment by the specified due date. Once you accept, we will halt the foreclosure process as long as you continue to make your required trial plan payments.

• If you do not qualify for HAMP, or if you fail to comply with the terms of the Trial Period Plan, you will be sent a Non-Approval Notice. In most cases, you will have 30 days to review the reason for non-approval and contact us to discuss any concerns you may have. During this 30-day review period, we may continue with the pending foreclosure action, but no foreclosure sale will be conducted and you will not lose your home.

**Important—Do not ignore any foreclosure notices.**

The HAMP evaluation and the process of foreclosure may proceed at the same time. You may receive foreclosure/eviction notices - delivered by mail or in person - or you may see steps being taken to proceed with a foreclosure sale of your home. While you will not lose your home during the HAMP evaluation, to protect your rights under applicable foreclosure law, you may need to respond to these foreclosure notices or take other actions. If you have any questions about the foreclosure process and the evaluation of your HAMP request, contact us at (800) 746-2936. If you do not understand the legal consequences of the foreclosure, you are also encouraged to contact a lawyer or housing counselor for assistance.

**Questions**

Call (800) 746-2936 if you cannot afford to make your trial period payments, but want to remain in your home. Or if you have decided to leave your home, contact us—we have other options that may be able to help you avoid foreclosure. We are available Monday – Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET and Sunday 12:00 pm to 9:00 pm ET.

Sincerely,

Ocwen Loan Servicing, LLC

HELPING HOMEOWNERS IS WHAT WE DO!

**FINANCIAL COUNSELING SERVICES**

When you are experiencing a financial hardship, counseling may be a way to help you manage your finances. We urge you to contact HUD approved agencies to obtain assistance in keeping your home. This assistance is available at no charge. For specific guidance on this notice or information related to the Home Affordable Modification Program, ask the counselor for MHA HELP.

HUD Approved Housing Counseling:     1-800-569-4287 www.HUD.gov

HOPE Hotline Number:                          1-888-995-4673

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*     NMLS # 1852

ATTACHMENT CV-5012

## CIVIL LAWSUIT NOTICE

*Superior Court of California, County of Santa Clara*
*191 N. First St., San Jose, CA 95113*

CASE NUMBER: 112CV229912

### PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1.  You must file a written response to the *Complaint*, using the proper legal *form or format*, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2.  You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3.  You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions,
you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

-   State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
-   Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

| | |
|---|---|
| *Your Case Management Judge is:* Honorable Mark H. Pierce | Department: 9 |

*The 1st CMC is scheduled for:* (Completed by Clerk of Court)

Date: DEC 18 2012        Time: 1:30 PM   In Department: 9

*The next CMC is scheduled for:* (Completed by party if the 1st CMC was continued or has passed)

Date: _____ Time: _____ In Department: _____

---

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

EXHIBIT "B"

Eric D. Houser, Esq. (SBN 130079)
Sara Firoozeh, Esq. (SBN 259741)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone:     (949) 679-1111
Facsimile:      (949) 679-1112
E-Mail: sfiroozeh@houser-law.com

Attorneys for Defendants, FEDERAL HOME LOAN MORTGAGE CORPORATION and
OCWEN LOAN SERVICING, LLC

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA, CENTRAL JUSTICE CENTER

| | |
|---|---|
| LAURA A. EDWARDS,<br><br>       Plaintiff,<br><br>vs.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, a Government Sponsored Enterprise; OCWEN LOAN SERVICING, LLC, a Delaware Limited Liability Company; CAL-WESTERN RECONVENYANCE CORPORATION, a California Corporation; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, AND DOES 1-100, inclusive,<br><br>       Defendants. | Case No.: 112CV229912<br><br>**NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT** |

NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

1

1  **TO THE COURT AND THE PARTIES:**

2  **PLEASE TAKE NOTICE** that Defendant FEDERAL HOME LOAN MORTGAGE

3  CORPORATION ("Freddie Mac"), defendant in the above-styled action, has this date filed in

4  the United States District Court for the Northern District of California, a Notice of Removal

5  thereby effecting the removal of this case.  A copy of the Notice of Removal is attached to this

6  Notice and served herewith.  Accordingly, this Court is divested of jurisdiction in this action at

7  this time. 28 U.S.C. §§ 1446(d).

8

9

10  DATED: September 17 , 2012

11

                               **HOUSER & ALLISON**
                               A Professional Corporation

12

13

14                                 Sara Firoozeh
                               Attorneys for Defendants,

15                                 FEDERAL HOME LOAN MORTGAGE
                               CORPORATION  and  OCWEN  LOAN

16                                 SERVICING, LLC

17

18

19

20

21

22

23

24

25

26

27

28
     **NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**
                                     2

**PROOF OF SERVICE**

STATE OF CALIFORNIA                     )
                                        ) ss
COUNTY OF LOS ANGELES                   )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

    On September ___, 2012, I served the following document(s):

**NOTICE OF FILING NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

    On the following interested parties in this action described as follows:

Jeremy J. Alberts
LAW OFFICE OF JEREMY J. ALBERTS
125 W. Amerige Ave.
Fullerton, CA 92832
*Attorney for Plaintiff*

[ x ]   **VIA FIRST CLASS MAIL:** CCP §§ 1013(a); 2015.5: By placing a true copy thereof enclosed in a sealed envelope(s) addressed as above, and placing each for collection and mailing on the date following ordinary business practices. I am readily familiar with my firm's business practice and collection and processing of mail with the United States Postal Service and correspondence placed for collection and mailing would be deposited with the United States Postal Service at Irvine, California, with postage thereon fully prepaid that same day in the ordinary course of business.

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

    Executed on September ___, 2012, in Irvine, California.


                                Kokie Nguyen

**PROOF OF SERVICE**

1

2    STATE OF CALIFORNIA                    )
                                           ) ss
3    COUNTY OF LOS ANGELES                 )

4    I am employed in the County of Orange, State of California.  I am over the age of 18 and not a
5    party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

6            On September 17, 2012, I served the following document(s):

7    **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

8        On the following interested parties in this action described as follows:

9    Jeremy J. Alberts
     LAW OFFICE OF JEREMY J. ALBERTS
10   125 W. Amerige Ave.
     Fullerton, CA 92832
11   *Attorney for Plaintiff*

12

13   [ x ]    **VIA FIRST CLASS MAIL:** CCP §§ 1013(a); 2015.5: By placing a true copy thereof
              enclosed in a sealed envelope(s) addressed as above, and placing each for collection and
14            mailing on the date following ordinary business practices.  I am readily familiar with my
              firm's business practice and collection and processing of mail with the United States
15            Postal Service and correspondence placed for collection and mailing would be deposited
              with the United States Postal Service at Irvine, California, with postage thereon fully
16            prepaid that same day in the ordinary course of business.

17        I declare under penalty of perjury, under the laws of the State of California, that the
18   foregoing is true and correct.

19
         Executed on September 17, 2012, in Irvine, California.
20

21

22                                                    Kokie Nguyen

23

24

25

26

27

28
     **NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**
                                    4