IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LAURA A. EDWARDS,

    Plaintiff,

    v.

FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,

    Defendants.

No. C 12-04868 JSW

**ORDER REGARDING MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Ocwen Loan Servicing, LLC ("Ocwen") (collectively referred to as "Defendants"). This motion is fully briefed and ripe for decision. The Court finds this matter is suitable for disposition without oral argument. *See* N.D. Cal. Civ. L.R. 7-1(b). Accordingly, the hearing set for November 16, 2012 is VACATED. Having considered the parties' pleadings and relevant legal authority, for the reasons set forth in this Order, the Court grants Defendants' motion to dismiss.[1]

///

///

---

[1] The Court GRANTS Plaintiff's request for judicial notice. *See* Fed. R. Evid. 201. Plaintiff states that she has no objection to the request for judicial notice, provided that notice is taken only of those facts not subject to dispute. She then states that "[m]atters such as the authority of a signatory and dates on documents are subject to dispute given that there is a well-documented history of banks and loan servicers like Ocwen backdating documents and providing unauthorized signatures on documents." (Opp. at 5-6, n. 2.) However, Plaintiff does not provide any evidence, or even any argument, to show that the signatures or dates on the specific documents before the Court are invalid.

**BACKGROUND**

Plaintiff Laura A. Edwards and her husband, Larry D. Edwards, borrowed $285,000 on April 22, 2008 to purchase the property located at 2201 The Alameda, #18, Santa Clara, California (the "Property"). The loan was secured by a deed of trust against the Property, which was recorded on May 1, 2008. The deed of trust names the United Title Company as the Trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender, Insite Financial Corporation. MERS is also named as the beneficiary under the deed of trust. (RJN, Ex. 1.) On February 8, 2012, MERS, as nominee for the lender, assigned the deed to trust to Ocwen. This assignment was recorded on February 22, 2012. (RJN, Ex. 2.) On February 29, 2012, Cal-Western Reconveyance Corporation ("Cal-Western") recorded a notice of default. (RJN, Ex. 3.) On April 4, 2012, a substitution of trustee was recorded, through which Ocwen substituted in Cal-Western as the trustee. This substitution of trustee is dated February 20, 2012. (RJN, Ex. 4.)

On May 30, 2012, Cal-Western recorded a notice of trustee sale, giving notice of the trustee sale scheduled for June 19, 2012. (RJN, Ex. 5.) On June 11, 2012, Ocwen assigned the deed of trust to Freddie Mac. This assignment was recorded on June 21, 2012. (RJN, Ex. 6.) On July 5, 2012, a trustee's deed upon sale, conveying the Property to Freddie Mac, was recorded. (RJN, Ex. 7.) According to the trustee's deed upon sale, the trustee sale occurred on June 26, 2012.

Plaintiff alleges that she contacted Ocwen at the beginning of May 2012 to discuss a resolution to the past due amount she owed on the mortgage for the Property. (Comp., ¶ 20.) She further alleges that on May 7, 2012, Hernando Sanabria, Regional Manager at Ocwen stated that Plaintiff could be considered for a loan modification and that "during that time," the Property will not be foreclosed upon. (*Id*., ¶ 21.) Plaintiff collected all of the information requested by Mr. Sanabria and faxed the documents on May 25, 2012. (*Id*., ¶ 22.) On June 25, 2012, Mr. Sanabria requested that Plaintiff re-fax the documents, which she did immediately. (*Id*., ¶ 23.) Plaintiff alleges that she justifiably relied on the statement by Mr. Sanabria that Ocwen would not foreclose "by completing the application and gathering the requested

2

documents rather than pursuing alternative measures to avoid the foreclosure sale, including but not limited to, the filing of a Chapter 13 bankruptcy. (*Id.*, ¶ 41.)

Plaintiff alleges that Cal-Western was not the agreed upon Trustee and never filed a substitution of trustee with the County Recorder's Office. Therefore, according to Plaintiff, Cal-Western did not have the authority to issue and record a trustee's deed upon sale. (*Id.*, ¶ 69.)

Plaintiff further alleges that she is "willing to tender the amount received subject to equitable adjustment for the damage caused to Plaintiff...." (*Id.*, ¶ 76.)

Additionally, Plaintiff alleges that her loan on the Property:

> 88.  ... was sold to investors as a "mortgage backed security" and that none of the Defendants in this action owned this loan, or the corresponding note. Moreover, none of the Defendants in this action were lawfully appointed as trustee or had the original note assigned to them. Accordingly, none of the Defendants in this action had the right to declare default, cause notices of default to be issued or recorded, or foreclose on ... the Subject Property. The Defendants were not the note holder or a beneficiary at any time with regard to Plaintiff's loan.
> 89.  Plaintiff further alleges on information and belief that none of the Defendants in this action are beneficiaries or representatives of the beneficiary and, if the Defendants allege otherwise, they do not have the original note to prove that they are in fact the party authorized to conduct the foreclosure.

(Compl., ¶¶ 88, 89.)

Ocwen sent Plaintiff and Mr. Edwards letters dated July 3 and 5, 2012, which state under the frequently asked questions that "[w]hile we consider your request [for a loan modification], we will not initiate a new foreclosure action and will will not move ahead with the foreclosure sale on an active foreclosure." (Compl., Ex. B.)

The Court shall address specific additional facts in the remainder of this Order.

## ANALYSIS

**A.    Applicable Legal Standards for Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. The complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The Court may

3

1 consider the facts alleged in the complaint, documents attached to the complaint, documents
2 relied upon but not attached to the complaint, when the authenticity of those documents is not
3 questioned, and other matters of which the Court can take judicial notice. *Zucco Partners LLC*
4 *v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009).

5 Federal Rule of Civil Procedure 8(a) requires only "a short and plain statement of the
6 claim showing that the pleader is entitled to relief." Even under Rule 8(a)'s liberal pleading
7 standard, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
8 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause
9 of action will not do." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (citing
10 *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to *Twombly*, a plaintiff must not merely
11 allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief
12 that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff
13 pleads factual content that allows the court to draw the reasonable inference that the defendant
14 is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
15 *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement,
16 but it asks for more than a sheer possibility that a defendant has acted unlawfully. ... When a
17 complaint pleads facts that are merely consistent with a defendant's liability, it stops short of
18 the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550
19 U.S. at 556-57) (internal quotation marks omitted).

20 Where a plaintiff alleges fraud, however, Federal Rule of Civil Procedure 9(b) ("Rule
21 9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud,
22 including the "who, what, when, where, and how" of the charged misconduct. *See Vess v. Ciba*
23 *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d
24 1541, 1547-49 (9th Cir. 1994). However, Rule 9(b) particularity requirements must be read in
25 harmony with Federal Rule of Civil Procedure 8's requirement of a "short and plain" statement
26 of the claim. Thus, the particularity requirement is satisfied if the complaint "identifies the
27 circumstances constituting fraud so that a defendant can prepare an adequate answer from the
28 allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also*

4

*Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted).

**B.    Defendants' Motion to Dismiss.[2]**

   **1.    Failure to Join Plaintiff's Husband as a Party.**

Defendants move to dismiss Plaintiff's action based on her failure to join her husband and co-borrower, Mr. Edwards. According to Defendants, Mr. Edwards is a necessary and indispensable party and Plaintiff's failure to join him should result in dismissal of this action. Plaintiff did not respond to this argument.

In order to determine whether dismissal is appropriate, the Court engages in "three successive inquiries." *EEOC v. Peabody Western Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*Peabody Western*"). First, the district court must determine whether the absent party is a "required" party. *Id.*; *see also* Fed. R. Civ. P. 19(a). A party is "required" in two circumstances: (1) when complete relief is not possible without the absent party's presence; or (2) when the absent party claims a legally protected interest in the action such that (i) disposition of the action may "impair or impede" the person's ability to protect that interest or (ii) "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed. R. Civ. P. 19(a); *Peabody Western*, 400 F.3d at 779. Here, Plaintiff and Mr. Edwards are both listed as the borrowers on the deed of trust. (RJN, Ex. 1.) Plaintiff's interest in the Property and her claims asserted regarding the foreclosure are coterminous with Mr. Edwards' interest and claims. If Mr. Edwards is not joined as a party, Defendants have a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of Plaintiff's and Mr. Edwards' mutual interests relating to the Property. Accordingly, Mr. Edwards is "required" as a plaintiff in any action brought by Plaintiff regarding the Property.

---

[2] Plaintiff states in her opposition brief that she does not plan to pursue her claims for unfair competition, unjust enrichment and conspiracy and voluntarily withdraws these claims.

5

Because Mr. Edwards is "required" as a party, the Court must determine whether joinder is feasible. *See Peabody Western*, 400 F.3d at 779. Pursuant to Rule 19(a), joinder is not "feasible" when: (1) venue is improper; (2) the absentee party is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction. *See id*. Here, Defendants do not argue, and the Court does not find any reason, why joinder of Mr. Edwards would not be feasible.[3] As discussed below, the Court is dismissing all of Plaintiff's claims, but is granting leave to amend. If Plaintiff elects to file an amended complaint, she must join Mr. Edwards as a party.

### 2. Statute of Frauds.

Defendants argue that all Plaintiff's claims relating to the alleged agreement to refrain from foreclosing are barred by the statute of frauds. "A contract coming within the statute of frauds is invalid unless it is memorialized by a writing subscribed by the party to be charged or by the party's agent." *Secrest v. Security Nat. Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 544, 553 (2008). California courts have held that forbearance agreements altering a mortgage are covered by the statute of frauds. *See, e.g., Secrest*, 167 Cal. App. 4th at 553 ("An agreement to modify a contract that is subject to the statute of frauds is also subject to the statute of frauds."); *Newgent v. Wells Fargo Bank, N.A.*, 2010 WL 761236, *5 (S.D. Cal. March 2, 2010).

Plaintiff does allege that Defendants agreed not to exercise the right to foreclosure while Ocwen determined whether she qualified for a loan modification, which would be a modification to the deed of trust. However, the statute of frauds does not apply if the alleged promise or agreement could be performed within one year. Cal. Civ. Code § 1624(a)(1). Plaintiff's allegations do not include any time period associated with the alleged promises or agreements. However, if given leave to amend, Plaintiff may be able to allege that the

---

[3] The third inquiry is whether in "equity and good conscience" the action can continue without the absent party. However, courts only engage in this inquiry if the absent party is necessary and joinder is not feasible. *Id*. at 780; Fed. R. Civ. P. 19(b).

6

1  agreement or promise to refrain from foreclosing was for less than one year.[4]

2  Moreover, the doctrine of promissory estoppel "operates as an exception to the statute of
3  frauds under California law." *Peterson v. Bank of America, N.A.*, 2010 WL 1881070, *6 (S.D.
4  Cal. May 10, 2010) (holding that statute of frauds was not a bar to plaintiffs' promissory
5  estoppel claim) (citing Cal. Civ.Code § 1698(d); *Garcia v. World Sav., FSB,* 183 Cal.App.4th
6  1031 (2010) ("[T]o the extent appellants' claim is premised on promissory estoppel, neither
7  section 1698 nor the statute of frauds will defeat their claim."); *see also Park v. U.S. Bank Nat.
8  Ass'n*, 2011 WL 4102211, *11 (S.D. Cal. Sept. 13, 2011) ("To the extent Plaintiffs allege a
9  promissory estoppel claim, the Court finds that it is inappropriate to dismiss the claim at this
10 stage on the basis of the statute of frauds.).  Therefore, to the extent that Plaintiff is able to
11 allege sufficient facts to state a claim for promissory estoppel, such a claim would not be barred
12 by the statute of frauds.

### 3.     Plaintiff's Claims for Promissory Estoppel.

14 To state a claim for promissory estoppel, Plaintiff must allege that defendants: (1) made
15 a promise that was clear and unambiguous in its terms; (2) that Plaintiff relied on that promise;
16 (3) that Plaintiff's reliance on the promise was reasonable and foreseeable; and (4) Plaintiff was
17 injured as a result of her reliance on the promise. *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th
18 218, 225 (2011).  The only promise Plaintiff alleges is an oral statement from Mr. Sanabria, a
19 manager for Ocwen.  Plaintiff does not allege any facts which would support holding any of the
20 defendants other than Ocwen liable for Mr. Sanabria's statements.  Moreover, with respect to
21 Ocwen, Plaintiff has not yet alleged a promise that is clear and unambiguous in its terms.
22 Plaintiff alleges that "Mr. Sanabria stated to Plaintiff that she can be considered for a loan
23 modification and that during that time – her house will not be foreclosed."  (Compl., ¶ 21.)
24 However, it is not clear what "during that time" means.  It is not clear whether he allegedly

---

[4] The Court notes that Plaintiff alleges that she received several letters from Ocwen stating that they were processing her request for a loan modification and that the letter stated that she would not lose her home during the evaluation of the request for a modification. (Comp., ¶ 25.)  However, Plaintiff does not attach these letters to her complaint.  If Plaintiff's allegations accurately reflect the content of the letters from Ocwen and these letters are signed by Ocwen, these letters also may provide a basis for satisfying the statute of frauds.

7

promised that Ocwen would not foreclose while she gathered and submitted her application for a modification, once her application was complete, or once her application was considered complete by Ocwen. Therefore, the Court grants Defendants' motion to dismiss this claim but will provide Plaintiff with leave to amend. If Plaintiff intends to amend this claim against any defendant other than Ocwen, Plaintiff should take care to allege facts sufficient to show that such defendants made a promise to Plaintiff or that these defendants may be held liable for statements made by Ocwen.

### 4. Plaintiff's Claim for Fraud.

In order to state a claim for fraud, Plaintiff must allege facts showing that the Defendants: (1) made a misrepresentation to Plaintiff; (2) Defendants knew the representations was false; (3) Defendants intended to induce Plaintiff to rely on the misrepresentation; (4) Plaintiff justifiably relied on the misrepresentation; and (5) damages. *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93 (2001) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance." *Caldo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004). Plaintiff must comply with the heightened pleading standards of Rule 9(b), and must allege each Defendants' role in the alleged fraud. *See Schwartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007).

Plaintiff has not alleged any facts which, if true, would show that Mr. Sanabria knew that his statement made on May 7, 2012 was false when he made it and that he intended to induce reliance on his statement. Moreover, although a claim for negligent misrepresentation does not require any intent to induce reliance, Plaintiff has not alleged a negligent misrepresentation claim. Accordingly, the Court grants Defendants' motion to dismiss Plaintiff's fraud claim. However, the Court will provide Plaintiff with leave to amend to state a claim for fraud and/or negligent misrepresentation. Again, if Plaintiff intends to amend this claim against any defendant other than Ocwen, Plaintiff should take care to allege facts sufficient to show that such defendants made a misrepresentation to Plaintiff or that these defendants may be held liable for misrepresentations made by Mr. Sanabria.

**5.    Wrongful Foreclosure, Quiet Title, and Claim to Set Aside Foreclosure.**

The basis of Plaintiff's claims challenging the foreclosure is not yet clear. In her complaint, she alleges that the foreclosure was invalid because the loan on the Property was securitized and because none of the defendants held the note. (Compl., ¶¶ 88-89.) Defendants challenge the legal basis for these theories and Plaintiff does not defend them in her opposition to the motion to dismiss. Therefore, Plaintiff apparently concedes that these are not valid legal theories. Instead, Plaintiff argues that the notice of default was invalid because MERS did not have the ability to convey an interest in the note. However, California courts have rejected this argument. *See Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-71 (2011) (finding "the allegation that MERS was merely a nominee is insufficient to demonstrate that MERS lacked authority to make a valid assignment of the note on behalf of the original lender."); *see also Herrera v. Federal Nat'l. Mortgage Ass'n*, 205 Cal. App. 4th 1495, 1498 (2012) ("The courts in California have universally held that MERS, as a nominee beneficiary, has the power to assign its interests under a deed of trust."). Plaintiff does not cite to any contrary authority under California law.[5]

Additionally, a claim for wrongful foreclosure also requires Plaintiff to allege that the alleged imperfection in the foreclosure process was prejudicial to her interests. *See Fontenot*, 198 Cal. App. 4th at 272; *see also Herrera*, 205 Cal. App. 4th at 1507-08 ("Even assuming plaintiffs can allege specific facts showing that MERS assignment of the DOT to OneWest and OneWest's assignment to Fannie Mae were void, ... plaintiffs must also show plaintiffs were prejudiced...."). In *Fontenot*, the court noted that the plaintiff effectively conceded that she was in default and did not allege that the allegedly improper transfer by MERS interfered in any manner with her loan payments. *Id*. The court found that "[i]f MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note." *Id*. Similarly here,

---

[5] Plaintiff cites to two out-of-state cases applying the law of other states and one bankruptcy case in California that was reversed on appeal. *See In re Salazar*, 448 B.R. 814 (Bankr. S.D. Cal. 2011), *rev'd and remanded by In re Salazar*, 470 B.R. 557 (S.D. Cal. 2012).

9

1  Plaintiff has not alleged how her interests were injured, even if MERS did not have the
2  authority to make the assignment.
3        Accordingly, the Court finds that Plaintiff has not alleged facts sufficient to state a claim
4  for quiet title or wrongful foreclosure.  However, because the Court is providing Plaintiff with
5  leave to amend her other claims, the Court will provide Plaintiff with an opportunity to allege
6  facts in support of a claim for quiet title or wrongful foreclosure.[6]

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.  The Court is providing Plaintiff with leave to amend.  If Plaintiff elects to file an amended complaint, Plaintiff shall join her husband as a plaintiff.  Additionally, Plaintiff shall take care to cure the other defects addressed by this Order.

If Plaintiff elects to amend her claims, she shall file an amended complaint by no later than December 4, 2012.  Moreover, if Plaintiff files an amended complaint, she shall also file by December 4, 2012, a side-by-side comparison of her complaint and the amended complaint, or a redline version of the two complaints.

**IT IS SO ORDERED.**

Dated: November 13, 2012

                                          JEFFREY S. WHITE
                                          UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff also argues that the Court cannot take judicial notice of the authenticity of the signatures on the assignment and Notice of Default "since this is a contested fact." (Opp. at 7.)  However, Plaintiff does not allege any facts, or provide any supporting declaration, in support of this argument.  If Plaintiff files an amended complaint and continues to assert that the signatures on the recorded documents are invalid, Plaintiff shall allege the facts, *in good faith*, that support this assertion.

10