UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA A EDWARDS,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,<br><br>    Defendants. | Case No. 12-cv-04868-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: ECF No. 22 |

Before the Court is Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. 22. Having considered the parties' papers, the arguments made at the hearing held on May 16, 2013, and good cause appearing, the Court will grant the motion in part and deny it in part, for the reasons set forth below. The Court will also grant the Plaintiff's request to join an additional plaintiff.

## I. BACKGROUND

### A. Procedural History

Plaintiff Laura Edwards commenced this action in state court on August 6, 2012, against Defendants Freddie Mac, Ocwen, and Cal-Western Reconveyance, Corp. Defendant Freddie Mac removed the action to this Court on September 17, 2012, pursuant to 28 U.S.C. § 1442. The court granted a motion to dismiss on November 13, 2012. ECF No. 20 (White, J.). Plaintiff filed her First Amended Complaint ("FAC") on December 4, 2012. ECF No. 22. In the midst of briefing Defendants' motion to dismiss the FAC, the action was reassigned to this Court. ECF No. 26 (Feb. 11, 2013). Plaintiff filed a request for joinder of an additional plaintiff on March 28, 2013. ECF No. 32. The Court held oral argument on Defendants' motion on May 16, 2013.

**B. Facts Alleged in the First Amended Complaint**

The Court takes the following allegations from the complaint as true for the purposes of this motion to dismiss. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

Plaintiff Laura Edwards refinanced her single family home located in Santa Clara, California by executing a promissory note with Insite Financial Corp. FAC ¶ 16. Insite Financial recorded a deed of trust in the property on or about May 1, 2008. Id. After members of Plaintiff's family fell ill, Plaintiff became unable to pay her mortgage for approximately six months. Id. ¶ 19. In May 2012, Plaintiff contacted her loan servicer, Defendant Ocwen, to resolve the past due amount on her loan of $19,000. Id. ¶ 20. At the time, Plaintiff had $11,000 ready to devote toward the arrears and she hoped for a monthly payment plan. Id. A female representative at Ocwen told Plaintiff that she had to either pay the full amount of arrears or apply for a loan modification. Id.

On May 7, 2012, Hernando Sanabria, Regional Manager at Ocwen, contacted Plaintiff and told her that she could be considered for a loan modification. Id. ¶ 21. Mr. Sanabria promised Plaintiff that while her loan modification application was being processed, foreclosure proceedings would not commence. Id.

Plaintiff collected the necessary documentation and faxed her application to Ocwen on May 25, 2012. Id. ¶ 23. Plaintiff was unable to reach Mr. Sanabria until June 25, 2012, when he instructed her to re-submit her application; Plaintiff did so immediately. Id. While Plaintiff's application was pending, she incurred fees and penalties for becoming delinquent on her mortgage payments. Ocwen told her "not to worry because that would all be worked out in the loan modification agreement." Id. ¶ 27.

Ocwen assigned its deed of trust to Freddie Mac on or around June 11, 2012, and Cal-Western Reconveyance "foreclosed on Plaintiff's property on June 26, 2012." Id. ¶ 26.

Plaintiff then received a letter, dated June 29, 2012, "stating that the property had been sold and that Freddie Mac now owned Plaintiff's house. The letter stated that Freddie Mac 'now owns the property described above as the result of a foreclosure.'" Id. ¶ 28.

On July 3, 2012, and July 5, 2012, Ocwen sent Plaintiff letters confirming that it was

1 processing her application and promising "you will not lose your home during the HAMP

2 evaluation." Id. ¶ 26.

3 Plaintiff asserts five causes of action: promissory estoppel, fraudulent misrepresentation

4 and concealment, unjust enrichment, wrongful foreclosure, and quiet title. Plaintiff seeks to set

5 aside the foreclosure sale, monetary damages, treble damages, interest, fees, costs, and injunctive

6 relief relating to Plaintiff's damaged credit report.

## II. REQUEST FOR JUDICIAL NOTICE

On a Rule 12(b)(6) motion to dismiss, courts generally may not consider materials beyond the pleadings. However, courts may properly take judicial notice of material attached to the complaint and of matters in the public record pursuant to Federal Rule of Evidence 201(b). A court "shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d); see also Sato v. Wachovia Mortg., No. 11–cv–00810–EJD, 2011 WL 2784567, at *2 (N.D. Cal. July 13, 2011). The Court GRANTS Defendants' unopposed request for judicial notice of several documents recorded in the Santa Clara County Recorder's Office relating to the subject property.

## III. LEGAL STANDARDS

On a motion to dismiss, courts accept the material facts alleged in the complaint, together with reasonable inferences to be drawn from those facts, as true. Navarro, supra, 250 F.3d at 732. However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011), cert. den'd, --- U.S. ----, 132 S. Ct. 2101 (2012).

In addition, to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "A claim has facial plausibility when the

United States District Court
Northern District of California

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In the Ninth Circuit, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is implausible." Starr, 652 F.3d at 1216 (original emphasis).

Fraud claims are subject to a heightened pleading standard. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). The allegations must be specific enough to give a defendant notice of the particular misconduct alleged to constitute the fraud such that the defendant may defend against the charge. Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). In general, allegations sounding in fraud must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007).

## IV. ANALYSIS

### A. Failure to Join Plaintiff's Husband as a Party

In his first order dismissing the original complaint, Judge White held that Plaintiff's husband, Larry D. Edwards, is an indispensable party within the meaning of Federal Rule of Civil Procedure 19, and ordered Plaintiff to add him as a party in her amended complaint. ECF No. 20 ("Order") at 5 ("If Plaintiff elects to file an amended complaint, she must join Mr. Edwards as a party."). Plaintiff did not comply with this order in the FAC. After Defendants once again moved to dismiss Plaintiff's complaint on the ground that her husband is an indispensable party, however, Plaintiff filed a request to join him as plaintiff. ECF No. 32.

Defendants have not objected to the request for joinder. Good cause appearing, and the request to join having not been objected to either in writing or at the hearing on the motion to dismiss, the request to join Larry D. Edwards as a plaintiff is GRANTED.

4

**B. Promissory Estoppel**

Defendants move to dismiss Plaintiff's promissory estoppel claim on the grounds that plaintiff "fails to allege a clear promise." The elements of a promissory estoppel claim are (1) a promise, (2) reliance on that promise that (3) is reasonable and foreseeable, and (4) injury. See Youngman v. Nevada Irrigation Dist., 70 Cal. 2d 240, 249 (Cal. 1969). The alleged promise must be "clear and unambiguous" in its terms. Aceves v. U.S. Bank, N.A., 192 Cal. App. 4th 218, 225 (Cal. Ct. App. 2011).

Plaintiff alleges that "Mr. Sanabria stated to Plaintiff that she can be considered for a loan modification and promised that while Plaintiff was in loan modification – her house will not be foreclosed." FAC ¶ 21. A promise not to foreclose while a loan modification is pending satisfies the requirement of a clear promise. Garcia v. World Sav., FSB, 183 Cal. App. 4th 1031, 1045 (Cal. Ct. App. 2010). "To be enforceable, a promise need only be definite enough that a court can determine the scope of the duty[,] and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." Id. (citations omitted). Thus, Plaintiff has stated a promissory estoppel claim against Defendant Ocwen,[1] and Ocwen's motion to dismiss this claim is DENIED.[2]

---

[1] This ruling also disposes of Defendant's argument that Plaintiff's claim is precluded by the statute of frauds. A statute of frauds defense may not be asserted against a claim for promissory estoppel. Garcia, supra, 183 Cal. App. 4th at 1041 n.10.

[2] The court previously dismissed Plaintiff's promissory estoppel claim for failure to allege a "clear and unambiguous" promise. The court's prior order said,

> Plaintiff alleges that "Mr. Sanabria stated to Plaintiff that she can be considered for a loan modification and that during that time – her house will not be foreclosed." (Compl., ¶ 21.) However, it is not clear what "during that time" means. It is not clear whether he allegedly promised that Ocwen would not foreclose while she gathered and submitted her application for a modification, once her application was complete, or once her application was considered complete by Ocwen. Therefore, the Court grants Defendants' motion to dismiss this claim but will provide Plaintiff with leave to amend.

Order, at 7–8. However, the Garcia case, supra, makes it plain that Plaintiff's allegations *are* sufficiently definite, and that reconsideration of the Court's prior determination to the contrary is therefore necessary and appropriate. See Abada v. Charles Schwab & Co., Inc., 127 F. Supp. 2d

As against Defendant Freddie Mac, Plaintiff does not allege that that defendant made an actionable representation of any kind, and therefore Plaintiff's promissory estoppel claim against that defendant is DISMISSED WITH PREJUDICE.

**C. Fraud**

In order to state a claim for fraud, Plaintiff must allege facts showing that Defendants: (1) made a misrepresentation to Plaintiff; (2) Defendants knew the representation was false; (3) Defendants intended to induce Plaintiff to rely on the misrepresentation; (4) Plaintiff justifiably relied on the misrepresentation; and (5) damages. Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 93 (2001) (citing Lazar v. Super. Court, 12 Cal. 4th 631, 638 (1996)). Plaintiff must comply with the heightened pleading standards of Rule 9(b), and must allege each Defendants' role in the alleged fraud. See Schwartz v. KPMG LLP, 476 F.3d 756, 764–65 (9th Cir. 2007).

Judge White dismissed Plaintiff's fraud claim because Plaintiff failed to allege facts showing that Mr. Sanabria knew that any representation he made was false, or that he intended to induce reliance on his representation. Judge White also ordered: "if Plaintiff intends to amend this claim against any defendant other than Ocwen, Plaintiff should take care to allege facts sufficient to show that such defendants made a misrepresentation to Plaintiff or that these defendants may be held liable for misrepresentations made by Mr. Sanabria." Order, at 8.

Plaintiff's amended complaint has done nothing to address these deficiencies, and Plaintiff does not state how she could address them if given a further opportunity. Accordingly, Plaintiff's fraud claim is DISMISSED WITH PREJUDICE.

**D. Wrongful Foreclosure and Quiet Title**

Judge White dismissed Plaintiff's wrongful foreclosure and quiet title claims because she failed to allege or explain the basis of those claims. On amendment, Defendants move to dismiss them because they remain insufficiently pled.

Plaintiff has not changed these claims in her First Amended Complaint. The fourth cause of action to set aside the foreclosure sale appears to be based on (1) Defendants' acquisition of

---

1101, 1102 (S.D. Cal. 2000).

6

title through fraudulent means, and (2) an allegation that Cal-West Reconveyance was not authorized to foreclose. Judge White rejected both of those arguments, and Plaintiff has failed to revive them here. It remains the case that Plaintiff has failed plausibly to allege fraudulent conduct that led to the acquisition of title, and Plaintiff's argument concerning the supposed lack of authority of the trustee is foreclosed by precedent. See, e.g., Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 270–71 (Cal. Ct. App. 2011) (finding "the allegation that MERS was merely a nominee is insufficient to demonstrate that MERS lacked authority to make a valid assignment of the note on behalf of the original lender").

Because Plaintiff has failed on amendment to state a claim for relief on her claims to set aside the foreclosure sale and for quiet title, the Court DISMISSES Plaintiff's fourth and fifth causes of action with prejudice.

### E. Unjust Enrichment

Plaintiff voluntarily withdrew her unjust enrichment claim in briefing Defendants' first motion to dismiss, see Order, at 5 n.2, but now attempts to add it back to the First Amended Complaint. Having previously permitted the claim to be dismissed, Plaintiff may not now revive it without leave of court. DeLeon v. Wells Fargo Bank, N.A., No. 10-cv-01390-LHK, 2010 WL 4285006 (N.D. Cal. Oct. 22, 2010). Accordingly, this claim also is DISMISSED, but without prejudice.

## V. CONCLUSION

For the reasons set forth above, the motion to dismiss is DENIED with respect to Plaintiff's claim for promissory estoppel, GRANTED WITH LEAVE TO AMEND as to Plaintiff's claim for unjust enrichment, and GRANTED WITHOUT LEAVE TO AMEND as to Plaintiff's remaining claims.

/ / /

/ / /

/ / /

/ / /

/ / /

Plaintiff may file an amended complaint containing a claim for unjust enrichment within fifteen days of this order. If Plaintiff does not file an amended complaint, the case will proceed only on the basis of the promissory estoppel claim in the First Amended Complaint.

**IT IS SO ORDERED**.

Dated: May 29, 2013

_____
JON S. TIGAR
United States District Judge