UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAURA A EDWARDS, et al.,

    Plaintiffs,

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION, et al.,

    Defendants.

Case No. 12-cv-04868-WHO

**ORDER ON MOTION TO DISMISS**

Re: Dkt. No. 47

## INTRODUCTION

Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Ocwen Loan Servicing, LLC ("Ocwen"), move to dismiss the Second Amended Complaint ("SAC") of Plaintiffs Laura A. Edwards and Larry D. Edwards. The SAC raises claims of unjust enrichment and promissory estoppel against both defendants.[1] After considering the parties briefs and documents submitted for judicial notice, and the argument of defense counsel, and for the reasons stated below, the Court GRANTS IN PART and DENIES IN PART the motion to dismiss.[2]

## FACTUAL BACKGROUND

The SAC alleges that plaintiffs refinanced a home at 2201 The Alameda #18, Santa Clara, CA 95050 in 2008 by executing a promissory note with Insite Financial Corporation, which took a security interest in the property through a recorded deed of trust. SAC ¶ 17. Because they spent "a lot" of money to care for several family members who fell gravely ill (one died), in 2011-2012

---

[1] The third defendant in this case, Cal-Western Reconveyance Corporation, is undergoing Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware (13-11619-BLS) and is subject to an automatic stay under Section 362 of the Bankruptcy Code. Dkt. No. 51. In any event, although the Plaintiffs name Cal-Western as a defendant, SAC ¶ 5, they do not name Cal-Western in any of the counts, SAC at 10-11.

[2] Plaintiffs' counsel inexplicably failed to attend the hearing or to explain his absence.

plaintiffs were unable to pay their mortgage for approximately six months. SAC ¶ 20. Plaintiffs contacted Ocwen, a loan servicer, in early May 2012 to see if they could resolve the past due amount owed on their mortgage. Plaintiffs claim that they had withdrawn their 401(k) retirement account, had about $11,000 in total, and were willing to devise a payment plan with Ocwen. SAC ¶ 21.

Initially, an Ocwen representative told plaintiffs that they either could pay the full amount of their debt, $19,000, or be considered for a loan modification. SAC ¶ 21. Then on May 7, 2012, Hernando Sanabria, Regional Manager at Ocwen, contacted plaintiffs, told them that they could be considered for loan modification and promised that their home would not be foreclosed during the process. SAC ¶ 22. Mr. Sanabria asked the Plaintiffs to fill out some forms and provide certain documentation and promised that he would process the application as soon as possible. SAC ¶ 22.

Plaintiffs collected and faxed all the requested materials to Mr. Sanabria on May 25, 2012. SAC ¶ 23. They asked him via email (since they only had his email address) to contact them as soon as possible. SAC ¶¶ 22-23. Despite sending him several emails, plaintiffs did not receive a response from Mr. Sanabria for a month. On June 25, 2012, Mr. Sanabria asked that plaintiffs fax the materials to him again, which they did immediately. SAC ¶ 24. Plaintiffs continued to ask about the status of their loan modification, to which Ocwen responded with several letters stating that a decision would be made "as soon as possible." SAC ¶ 26. Two letters dated July 3, 2012, and July 5, 2012, acknowledged plaintiffs' application and stated that they "will not lose [their] home during the [] evaluation." SAC ¶ 27.

Despite those letters and Mr. Sanabria's promises, and unbeknownst to plaintiffs, Ocwen had assigned the deed of trust to plaintiffs' house for sale on June 21, 2012—several days before Mr. Sanabria asked them to resend their application materials. SAC ¶ 28. While plaintiffs were waiting to hear back about their application, Cal-Western—acting on behalf of Ocwen or Freddie Mac—recorded a notice of default and notice of trustee's sale for the house. SAC ¶ 30. Freddie Mac then bought the house at the trustee's sale on June 26, 2012. SAC ¶ 28. Plaintiffs did not know about the default and sale until June 29, 2012, when they received a letter stating that Freddie Mac "now owns [their house] as the result of a foreclosure." SAC ¶ 32.

2

1    Plaintiffs allege that during the whole loan modification process, they incurred substantial
2  fees and penalties for being delinquent on their mortgage payments, though Ocwen repeatedly told
3  them that they should not worry because the fees and penalties would be addressed in the loan
4  modification. SAC ¶ 29. They were "continuously promised [] that they would get a loan
5  modification and [] that the sale would be postponed" even as they waited to hear back about their
6  application. SAC ¶¶ 30, 33. However, without providing plaintiffs an answer about whether their
7  application would be approved or denied, Ocwen proceeded to sell the house. As a result,
8  "Defendants were able to generate substantial profits through the foreclosure of Plaintiffs' home"
9  and "receive[d] compensation and incentives from the Federal Government after the foreclosure
10 sale." SAC ¶ 34.

## PROCEDURAL BACKGROUND

12   Plaintiffs initiated this action on August 6, 2012, in the Superior Court of California,
13 County of Santa Clara, alleging promissory estoppel, unjust enrichment, fraud, conspiracy,
14 wrongful foreclosure, and other related claims. Dkt. No. 1. Defendants removed the case to this
15 Court on September 17, 2012. *Id.* On November 13, 2012, Hon. Jeffrey White granted
16 defendants' first motion to dismiss with leave to amend, dismissing claims of fraud, promissory
17 estoppel, and wrongful foreclosure. Dkt. No. 20. The case was reassigned to Hon. Jon Tigar, who
18 granted in part and denied in part defendants' motion to dismiss the First Amended Complaint on
19 May 29, 2013. Dkt. No. 41. Judge Tigar dismissed with prejudice all claims except the
20 promissory estoppel claim against Ocwen but allowed plaintiffs leave to file an amended
21 complaint with an unjust enrichment claim. *Id.*
22   Plaintiffs filed the SAC on June 13, 2013, bringing claims of unjust enrichment and
23 promissory estoppel against Ocwen and Freddie Mac. Dkt. No. 42. Defendants moved to dismiss
24 the SAC in its entirety. MTD at ii. Plaintiffs later withdrew their claim for promissory estoppel
25 against Freddie Mac because Judge Tigar had already dismissed that claim with prejudice. Opp'n
26 at 6.

## LEGAL STANDARD

28   A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

1  pleadings fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The
2  Court must "accept factual allegations in the complaint as true and construe the pleadings in the
3  light most favorable to the nonmoving party," *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519
4  F.3d 1025, 1031 (9th Cir. 2008), drawing all "reasonable inferences" from those facts in the
5  nonmoving party's favor. *Knievel v. ESPN*, 393 F.3d 1068, 1080 (9th Cir. 2005). A complaint
6  may be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its
7  face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). If a motion to dismiss is granted, a
8  court should normally grant leave to amend unless it determines that the pleading could not
9  possibly be cured by allegations of other facts. *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*,
10  911 F.2d 242, 247 (9th Cir. 1990).

## DISCUSSION

### I.  PROMISSORY ESTOPPEL

#### A.  Promissory Estoppel Claim Against Freddie Mac.

Judge Tigar dismissed with prejudice plaintiffs' promissory estoppel claim against Freddie Mac, and plaintiffs withdrew their reasserted claim in their Opposition Brief. Thus, the motion to dismiss the promissory estoppel claim against Freddie Mac is GRANTED WITH PREJUDICE.

#### B.  Promissory Estoppel Claim Against Ocwen.

Defendants move to dismiss the SAC in its entirety, but did not address the promissory estoppel claim against Ocwen in any of their briefs. Judge Tigar allowed plaintiffs to proceed on this claim in his order on defendants' prior motion to dismiss, and counsel for defendants explained at oral argument on August 14, 2013 that defendants did not mean to challenge that ruling in the instant motion. Accordingly, the motion to dismiss the promissory estoppel claim against Ocwen is DENIED.

### II.  UNJUST ENRICHMENT

Defendants argue that there is no cause of action for unjust enrichment under California law. Although some "California courts appear to be split on whether unjust enrichment can be an independent claim or merely an equitable remedy," *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007), the Ninth Circuit acknowledged that both "[t]he Supreme Court of

4

California and California Courts of Appeal have recognized actions for relief under the equitable doctrine of unjust enrichment," *Naoko Ohno v. Yuko Yasuma*, No. 11-55081, 2013 WL 3306351, at *16 n.25 (9th Cir. July 2, 2013). As one California court explained, unjust enrichment is better characterized as "an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Lauriedale Assocs., Ltd. v. Wilson*, 9 Cal. Rptr. 2d 774, 780 (Ct. App. 1992). "It is synonymous with restitution," which *is* a cause of action. *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (quotations and ellipses omitted). So while defendants are technically correct that "there is no cause of action in California for unjust enrichment," *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003), California courts "look to the actual gravamen of [the] complaint" and "ignore erroneous or confusing labels if the complaint pleads facts which would entitle the plaintiff to relief." *Id.* Thus, the relevant question is whether plaintiffs have a "right to restitution." *Id.*; *see also Lauriedale Assocs.*, 9 Cal. Rptr. 2d at 780.

"The elements of an unjust enrichment [or restitution] claim are the receipt of a benefit and the unjust retention of the benefit at the expense of another." *Peterson v. Cellco Partnership*, 80 Cal. Rptr. 3d 316 (Ct. App. 2008) (quotation marks and brackets omitted). "[R]estitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason." *Id.* Where there is no express contract, but "the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct . . . where appropriate, the law will imply a contract (or rather, a quasi-contract), without regard to the parties' intent, in order to avoid unjust enrichment." *Id.* at 121-22 (citations omitted).

The facts alleged in the SAC do not constitute a claim for rescission. Plaintiffs do not assert that they paid Ocwen any amount, so it was not in receipt of any benefit from plaintiffs. *See Ogden Martin Sys., Inc. v. San Bernardino Cnty, Cal.*, 932 F.2d 1284, 1287 (9th Cir. 1991) ("In a rescission action, the complaining party may receive restitution for all benefits conferred on the other party, restoring both parties to economic *status quo ante*.") (original emphasis). Plaintiffs do not assert any fraud, duress, conversion or similar conduct by Freddie Mac. Consequently, plaintiffs have not alleged a cause of action for rescission against either defendant.

5

1    In equity, if plaintiffs prevail on their promissory estoppel claim it is possible that an element of damages would include the monies received by Ocwen related to the foreclosure of plaintiffs' property. Unjust enrichment is a remedy, as defendants themselves pointed out. But that is a different matter than allowing a rescission cause of action to proceed under the facts alleged.

This is plaintiffs' third attempt to bring a claim of unjust enrichment.[3] Their lawyer did not even appear to argue against the motion to dismiss. Accordingly, the Court finds that plaintiffs' pleading "could not possibly be cured by allegations of other facts." *Cook, Perkiss & Liehe*, 911 F.2d at 247. The motion to dismiss the claim of unjust enrichment against defendants is GRANTED WITH PREJUDICE.

## CONCLUSION

Because plaintiffs plausibly state a claim for relief on their promissory estoppel claim against Ocwen in the First Cause of Action of the SAC, defendants' motion to dismiss as to that claim is DENIED. The Court previously dismissed the promissory estoppel claim against Freddie Mac, and the plaintiffs withdrew the claim in their Opposition, so the motion to dismiss the First Cause of Action against Freddie Mac is GRANTED WITH PREJUDICE. Plaintiffs do not plausibly state a cause of action on their unjust enrichment claim against defendants and are unlikely to be able to do so by alleging additional facts, so the motion to dismiss the Second Cause of Action against Freddie Mac and Ocwen is GRANTED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 15, 2013

WILLIAM H. ORRICK
United States District Judge

---

[3] Because the Plaintiffs withdrew the claim of unjust enrichment against Freddie Mac in their original complaint, but sought to bring it again without leave of the Court in their First Amended Complaint, Judge Tigar dismissed their second attempt with leave to amend. Dkt. No. 41.